| | |
|---|---|
| **KENNETH E. LYON, III** | **KATHERINE F. PARKS** |
| Nevada Bar No. 7071 | Nevada Bar No. 6227 |
| **LAW OFFICES OF KENNETH E. LYON, III** | **THORNDAL ARMSTRONG, PC** |
| 333 Flint Street | 6590 S. McCarran Blvd., Ste B |
| Reno, Nevada 89501 | Reno, Nevada 89501 |
| Telephone: 775.786.4188 | Telephone: 775.786.2882 |
| Email:  ken@lyonlaw.net | Email:  kfp@thorndal.com |
| *Attorney for Plaintiff* | *Attorney for Storey Defendants* |
| **JOHN ROUTSIS** | **KARL S. HALL** |
| Nevada Bar No. 3197 | Reno City Attorney |
| **ROUTSIS HARDY-COOPER & PULVER** | **HOLLY S. PARKER** |
| 505 Ridge Street | Deputy City Attorney |
| Reno, Nevada 89501 | Nevada Bar No. 10181 |
| Telephone: 775.785.9166 | Email:  parkerh@reno.gov |
| Email:  john@rhcplaw.com | **PETER K. KEEGAN** |
| | Deputy City Attorney |
| *Attorney for Plaintiff* | Nevada Bar No. 12237 |
| | Email:  keeganp@reno.gov |
| | Post Office Box 1900 |
| | Reno, Nevada 89505 |
| | Telephone: 775.334.2050 |
| | *Attorneys for Reno Defendants* |

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TYLER WOOLLEY, | |
|                     Plaintiff, | |
| vs. | Case No.  3:25-cv-00191-MMD-CSD |
| JOSEPH WELCH, JACOB SMILEY, ERIC KERN, TERRY WEST, STOREY COUNTY, a political subdivision of the State of Nevada, THE CITY OF RENO, a political subdivision of the State of Nevada. | **STIPULATED PROTECTIVE ORDER** |
|                     Defendants. | |

1

Plaintiff Tyler Woolley, by and through his counsel, Kenneth E. Lyon, III, and John Routsis; Defendants Joseph Welch, Jacob Smiley, Eric Kern, and Storey County, by and through their counsel, Katherine F. Parks; and Defendants Terry West and the City of Reno, by and through their counsel, Holly S. Parker and Peter K. Keegan (collectively "the Parties"), hereby agree and stipulate to the entry of a Protective Order as follows:

1. Reason for the Order: The Parties have requested or may request production of documentation that the Parties contend includes confidential information or highly personal private information, including but not limited to Internal Affairs files, photographs, employment records, personnel records, medical records, and possibly other documentation that the Parties would object to production of as confidential and private documentation, or for which they may seek a protective order, if the documentation described herein were not protected by this Stipulated Protective Order. The purpose of this Stipulated Protective Order is to facilitate the Parties in the discovery process. However, the mere existence of this Protective Order does not waive the Parties' right to object to production and redact certain documentation or information. If any such objection is made and the Parties are unable to agree, the production or protection of the documentation or information shall be submitted to the Court for review and decision concerning production or protection.

2. Any Party may designate as "confidential" (by stamping the relevant page or as otherwise set forth herein) any document or response to discovery which that party considers in good faith to contain information involving business, financial, employment, certain investigative and/or Internal Affairs information, or other confidential or protected information, subject to protection under the Federal Rules of Civil Procedure or Nevada law ("Confidential Information"). Where a document or response consists of more than

one page, the first page and each page on which confidential information appears shall be designated.

3. A party may designate information disclosed during a deposition or in response to written discovery as "confidential" by so indicating in said response or on the record at the deposition and requesting the preparation of a separate transcript of such material. Additionally, a party may designate in writing, within twenty (20) days after receipt of said responses or of the deposition transcript for which the designation is proposed, that specific pages of the transcript and/or specific responses be treated as Confidential Information. Any other party may object to such proposal, in writing or on record. Upon such objection, the Parties shall follow the procedures described in paragraph 8 below. After any designation made according to the procedure set forth in this paragraph, the designated documents or information shall be treated according to the designation until the matter is resolved according to the procedures described in paragraph 9 below, and counsel for all parties shall be responsible for making all previously unmarked copies of the designated material in their possession or control with the specified designation. The documents subject to the claim of confidentiality shall be identified either by clearly describing the document or by referring to the document by its Bates-stamp numbers, (e.g., COR-0000).

4. All Confidential Information produced or exchanged in the course of this case shall be used by the Parties to whom the information is produced solely for the purpose of this case.

5. Except with the prior written consent of other parties, or upon prior order of this Court obtained upon notice to opposing counsel, Confidential Information shall not be disclosed to any person other than:

a. Counsel for the respective parties to this litigation, including in-house counsel and co-counsel retained for this litigation;

b. Employees of such counsel;

c. Individual defendants, any officer or employee of a Party, to the extent deemed necessary by counsel for the prosecution or defense of this litigation;

d. Consultants or expert witnesses retained for the prosecution or defense of this litigation, provided that each such person shall execute a copy of the Certification attached to this Order as Exhibit "A" (which shall be retained by counsel to the party so disclosing the Confidential Information and made available for inspection by opposing counsel during the pendency of the action) before being shown or given any Confidential Information.

e. Any authors or recipients of the Confidential Information;

f. The Court, Court personnel, and court reporters; and

g. Witnesses (other than persons described in paragraph 4(e)). If a witness is shown Confidential Information outside of a deposition or at trial, the witness shall sign the Certification attached as Exhibit "A" before being shown Confidential Information. If the witness is shown Confidential Information during a deposition, the witness is not required to sign the Certification attached as Exhibit "A"; however, the attorneys for the Parties attending the deposition will inform the witness that the information has been designated as confidential. Witnesses shown Confidential Information shall not be allowed to retain copies.

h. Any mediator(s) or settlement officer(s) mutually agreed upon by the parties.

    i. Employees of discovery or copy services, microfilming or database services, trial support firms and/or translators or other litigation support vendors who are engaged by the Parties during this litigation.

6. Any persons receiving Confidential Information shall not reveal or discuss such information to or with any person who is not entitled to receive such information, except as set forth herein.

7. Unless otherwise permitted by statute, rule or prior court order, papers filed with the Court under seal shall be accompanied by a contemporaneous motion for leave to file those documents under seal and shall be filed consistent with the Court's electronic filing procedures in accordance with Local Rule IA 10-5. Notwithstanding any agreement among the Parties, the party seeking to file a paper under seal bears the burden of overcoming the presumption in favor of public access to papers filed in court. *Kamakana v. City and County of Honolulu*, 447 F.2d 1172 (9th Cir. 2006); *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677-78 (9th Cir. 2010).

8. A party may designate as "Confidential" documents or discovery materials produced by a non-party by providing written notice to all parties of the relevant document numbers or other identification within thirty (30) days after receiving such documents or discovery materials. Any party may voluntarily disclose to others without restriction any information designated by that party as confidential, although a document may lose its confidential status if it is made public.

9. If a party contends that any material is not entitled to confidential treatment, such party may at any time give written notice to the party who designated the material. The party who designated the material shall have twenty-five (25) days from the receipt of such written notice to apply to the Court for an order designating the material as confidential.

The party seeking the order has the burden of establishing that the document is entitled to protection.

10. Notwithstanding any challenge to the designation of material as Confidential Information, all documents shall be treated as such and shall be subject to the provisions hereof unless and until one of the following occurs:

    a. The party claims that the material is Confidential Information withdraws such designation in writing; or

    b. The party who claims that the material is Confidential Information fails to apply to the Court for an order designating the material confidential within the time period specified in Paragraph 9 above after receipt of a written challenge to such designation; or

    c. The Court rules the material is not confidential.

11. All provisions of this Order restricting the communication or use of Confidential Information shall continue to be binding after the conclusion of this action, unless otherwise agreed or ordered. Upon conclusion of the litigation, a party in the possession of Confidential Information, other than that which is contained in pleadings, correspondence, and deposition transcripts, shall either (a) return such documents no later than thirty (30) days after conclusion of this action to counsel for the party or non-party who provided such information, or (b) destroy such documents within the time period upon consent of the party who provided the information and certify in writing within thirty (30) days that the documents have been destroyed. This requirement does not include work-product of legal counsel, or information contained in pleadings, deposition transcripts, or correspondence, which shall be maintained in confidence.

12. The terms of this Order do not preclude, limit, restrict, or otherwise apply to the use of documents at trial. If the parties request that confidential documents be sealed at trial, they will file a motion to seal the documents with the Court.

13. Nothing herein shall be deemed to waive any applicable privilege or work-product protection, or to affect the ability of a party to seek relief for an inadvertent disclosure of material protected by privilege or work-product protection.

14. Any witness or other person, firm or entity from which discovery is sought may be informed of and may obtain the protection of this Order by written advice to the Parties' respective counsel or by oral advice at the time of any deposition or similar proceeding.

15. Nothing in this Stipulated Protective Order is intended to, or shall, deprive a party of the right to object to the production of information or materials it believes is subject to confidentiality or other protections from disclosure which exist under other authorities or doctrines.

16. Should any party who is not a party to this Stipulated Protective Order seek access to the Confidential Information referenced herein, by request, subpoena, or otherwise, from any party to the Stipulated Protective Order, the party to this Stipulated Protective Order from whom the information is requested shall: (a) promptly notify the party that designated the confidential documentation or information of the request or subpoena; and shall (b) inform the requesting party of the existence of this Stipulated Protective Order.

17. Amendment: This Stipulated Protective Order shall prohibit disclosure to all persons other than those set forth herein. The parties may amend this Stipulated Protective Order upon consent or upon application to the Court in which this action is pending. Subsequent parties to this litigation may be given documents subject to this Stipulated Protective Order, provided they first file with the court a Stipulation to be bound by the

terms of this Stipulated Protective Order.

STIPULATED AND AGREED THIS 19th DAY OF AUGUST, 2025.

**Law Offices of Kenneth E. Lyon, III**

*/s/ Kenneth E. Lyon, III*
Kenneth E. Lyon, III
Nevada Bar No. 7071
Law Offices of Kenneth E. Lyon, III
333 Flint Street
Reno, Nevada 89501
(775) 786-4188

*Attorney for Plaintiff*

**KARL S. HALL, Reno City Attorney**

*/s/ Holly S. Parker*
Holly S. Parker
Deputy City Attorney
Peter K. Keegan
Deputy City Attorney
PO Box 1900
Reno, Nevada 89505
(775) 334-2050

*Attorney for Reno Defendants*

**Thorndal Armstrong, PC**

*/s/ Katherine F. Parks*
Katherine F. Parks, Esq. NBN 6227
Nevada Bar No. 6227
6590 S. McCarran Blvd., Suite B
Reno, Nevada 89509
(775) 786-2882

*Attorney for Storey Defendants*

## ORDER

The Court will only retain jurisdiction over this protective order while the case is pending, and its jurisdiction will cease upon dismissal of the case.

IT IS SO ORDERED.

UNITED STATES MAGISTRATE JUDGE

DATED: August 19, 2025

# **EXHIBIT A**

**CERTIFICATION**

I hereby certify my understanding that Confidential Information is being provided to me pursuant to the terms and restrictions of the Protective Order dated _____, in *Woolley v. Welch, et.al*, Case No. 3:25-cv-00191-MMD-CSD.

I have been given a copy of that Order and read it. I agree to be bound by the Order. I will not reveal the Confidential Information to anyone, except as allowed by the Order. I will maintain all such Confidential Information including copies, notes, or other transcriptions made therefrom – in a secure manner to prevent unauthorized access to it. No later than thirty (30) days after the conclusion of this action, I will return the Confidential Information – including copies, notes or other transcriptions made therefrom – to the counsel who provided me with the Confidential Information, or, if requested by counsel who provided me with the information, certify in writing to the counsel who provided me with the Confidential Information that I have destroyed the information. I hereby consent to the jurisdiction of the United States District Court for the purpose of enforcing the Protective Order.

BY: _____
      Signature

_____
Printed Name

DATED: _____