KARL S. HALL
Reno City Attorney
HOLLY S. PARKER
Deputy City Attorney
Nevada State Bar No. 10181
parkerh@reno.gov
PETER K. KEEGAN
Deputy City Attorney
Nevada State Bar No. 12237
keeganp@reno.gov
Post Office Box 1900
Reno, Nevada 89505
(775) 334-2050
*Attorneys for Defendants City of Reno and Terry West*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

TYLER WOOLLEY,

Plaintiff,

vs.

JOSEPH WELCH, JACOB SMILEY, ERIC KERN, TERRY WEST, STOREY COUNTY, a political subdivision of the State of Nevada, THE CITY OF RENO, a political subdivision of the State of Nevada,

Defendants.

CASE NO.: 3:25-cv-00191-MMD-CSD

**STIPULATION AND ORDER TO EXTEND DISCOVERY AND MOTION DEADLINES**

**(THIRD REQUEST)**

Pursuant to Local Rules ("LR") IA 6-1 and 26-3, Plaintiff Tyler Woolley ("Plaintiff"); Defendants City of Reno and Terry West ("Reno Defendants"); and Defendants Joseph Welch, Jacob Smiley, Eric Kern, Storey County ("Storey Defendants") (collectively "the Parties"); by and through their undersigned attorneys, hereby stipulate to extend the discovery and motion deadlines set forth in the Order to Extend Discovery and Motions Deadlines ("Scheduling

Order") (ECF No. 31) by an additional 30 days. This is the Parties' third request to extend the discovery and motion deadlines.

The Parties stipulate as follows:

1) **Reasons that good cause exists for the extension:** The Court entered a Scheduling Order (ECF No. 31) on March 16, 2026. The Scheduling Order set the initial expert disclosure deadline for July 7, 2026, and the rebuttal expert disclosure deadline was set for 30 days later (August 6, 2026). The Parties served their initial expert disclosures on July 7, 2026. Plaintiff disclosed eight retained experts and Defendants disclosed one retained expert (retained jointly by the Defendants). The Parties disclosed additional non-retained experts. Plaintiff's retained experts include a use of force expert; forensic trajectory analysis expert; physical medicine, rehabilitation, and brain injury medicine expert; life care planner; psychologist; vocational rehabilitation expert; economist; and litigation technology and forensic multi-media expert. These experts raise multiple issues, especially complicated damages issues. Defendants will need additional time to review and assess these eight expert reports, determine whether rebuttal reports are necessary to address all of the issues raised by Plaintiff's experts, and to coordinate with rebuttal experts for the drafting of reports to address these issues. Thereafter, the Parties need additional time to depose the Parties' experts, which include nine retained experts and even more non-retained experts. Therefore, the Parties stipulate that good cause exists for a 30-day extension of the rebuttal expert disclosure deadline, and related discovery and motion deadlines.

2) **Statement of discovery completed:** Since the Court entered the Scheduling Order (ECF No. 31), the Parties have diligently participated in the discovery process and have completed a vehicle inspection and disclosure of the extensive experts described above.

a) The Parties have served supplemental Rule 26 disclosures. To date, the Parties have identified over 120 individuals with knowledge, Plaintiff has disclosed over 6,100 pages of documents and video, Storey Defendants have disclosed over 800 pages of documents and video, and Reno Defendants have disclosed over 3900 pages of documents and video. The Parties have disclosed nine retained experts, and many more non-retained experts.

**Reno City Attorney**
**P.O. Box 1900**
**Reno, NV 89505**

b) To date, six depositions of law enforcement officers with knowledge of the incident described in the Complaint (ECF No. 1) have been completed.

c) The Parties received trajectory analysis documents, which were subpoenaed after the Parties' first request for an extension.

d) The Parties have served and responded to written discovery requests.

3) The Parties have exchanged discovery and have been able to resolve their discovery concerns including extensions on responses to written discovery. The Parties anticipate they will be able to resolve any remaining discovery concerns without seeking intervention from the Court.

4) **Statement of remaining discovery and reasons for extension and why the deadline was not satisfied or the remaining discovery was not completed within the time limits set by the discovery plan:** The Parties are evaluating what rebuttal expert disclosures are necessary. The Parties anticipate conducting additional depositions, including the depositions of the Parties' numerous experts, and potentially criminologists who completed a trajectory analysis, additional law enforcement officer witnesses, and treating providers. The Parties also anticipate completing the deposition of Plaintiff after rebuttal medical experts are disclosed. The Parties may also need to depose a couple of additional fact witnesses, which takes time to coordinate through their home agencies. The Parties have disclosed over 10,000 documents. Given the sheer number of potential number of witnesses and documents, the Parties submit that good cause exists for the requested extension to allow them to complete the necessary depositions and to complete the analysis of rebuttal expert issues. Discovery has not been completed within the deadlines because of the number of experts disclosed and the complicated issues they have raised. The Parties request an additional 30 days to disclose rebuttal experts to complete this analysis and coordinate rebuttal expert reports.

5) The Parties previously requested two modifications of the Scheduling Order, which were approved. (ECF Nos. 29 and 31.)

6) A trial date has not been set by the Court.

**Reno City Attorney**
**P.O. Box 1900**
**Reno, NV 89505**

7) Based on the foregoing, the Parties respectfully submit that good cause exists for the requested modification of the Scheduling Order.

8) The Parties propose the following **schedule for completing all remaining discovery**:

| Event | Current Deadline | Proposed Deadline |
|---|---|---|
| Discovery Cut-Off | September 8, 2026 | October 8, 2026 |
| Rebuttal Experts and Expert Reports | August 6, 2026[1] | September 8, 2026 (33 days after 8/6/26) |
| Dispositive Motions | October 5, 2026 | November 4, 2026 |
| Joint Pretrial Order | November 4, 2026 | December 4, 2026 (or 30 days after decision on dispositive motions) |

9) The requested modification of the Scheduling Order will not prejudice any party.

The Parties respectfully request that the Court grant their Stipulation to Extend Motion

///

///

///

///

///

///

///

///

///

///

///

///

///

[1] In compliance with LR 26-3, the Parties have submitted this Stipulation at least 21 days before the current expert disclosure deadline on August 6, 2026.

Reno City Attorney
P.O. Box 1900
Reno, NV 89505

and Discovery Deadlines.

DATED this 15th day of July, 2026.

By: _/s/ Kenneth E. Lyon, III_
KENNETH E. LYON, III
Law Offices of Kenneth E. Lyon, III
333 Flint Street
Reno, Nevada 89501
*Attorneys for Plaintiff*

DATED this 15th day of July, 2026.

By: _/s/ Katherine F. Parks_
Katherine F. Parks
Thorndal Armstrong, PC
6590 S. McCarran Blvd., Suite B
Reno, Nevada 89509
*Attorneys for Storey Defendants*

DATED this 15th day of July, 2026.

KARL S. HALL
Reno City Attorney

By: _/s/ Holly S. Parker_
HOLLY S. PARKER
Deputy City Attorney
PETER K. KEEGAN
Deputy City Attorney
Post Office Box 1900
Reno, Nevada 89505
*Attorneys for Defendants City of Reno and Terry West*

IT IS SO ORDERED.

Dated this 16th day of July, 2026.

UNITED STATES MAGISTRATE JUDGE