KARL S. HALL
Reno City Attorney
HOLLY S. PARKER
Deputy City Attorney
Nevada State Bar No. 10181
parkerh@reno.gov
PETER K. KEEGAN
Deputy City Attorney
Nevada State Bar No. 12237
keeganp@reno.gov
Post Office Box 1900
Reno, Nevada 89505
(775) 334-2050
*Attorneys for Defendants City of Reno and Terry West*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| TYLER WOOLLEY,<br><br>Plaintiff,<br><br>vs.<br><br>JOSEPH WELCH, JACOB SMILEY, ERIC KERN, TERRY WEST, STOREY COUNTY, a political subdivision of the State of Nevada, THE CITY OF RENO, a political subdivision of the State of Nevada,<br><br>Defendants. | CASE NO.: 3:25-cv-00191-MMD-CSD<br><br>**STIPULATION AND ORDER TO STAY DISCOVERY AND MOTION DEADLINES PENDING MEDIATION**<br><br>**(FOURTH REQUEST)** |

Pursuant to Local Rules ("LR") IA 6-1 and 26-3, Plaintiff Tyler Woolley ("Plaintiff"); Defendants City of Reno and Terry West; and Defendants Joseph Welch, Jacob Smiley, Eric Kern, Storey County (collectively "the Parties"); by and through their undersigned attorneys, hereby stipulate as follows:

1. On July 16, 2026, at the request of the Parties and due to the number of initial experts disclosed, the Court entered an Order Extending Discovery and Motions Deadlines (ECF No. 33), setting the deadlines for close of discovery for October 8, 2026; rebuttal expert disclosures for September 8, 2026; dispositive motions for November 4, 2026; and the joint pretrial order for December 4, 2026.

2. Following entry of the Order Extending Discovery and Motions Deadlines (ECF No. 33), the Parties have been in discussions regarding whether the time is ripe for the Parties to participate in mediation. Now that the Parties have disclosed their initial experts, which include nine retained liability and damages experts, they believe they have the information they need for a productive mediation session. Therefore, the Parties have scheduled mediation with Nevada Supreme Court Justice Nancy Saitta (Ret.) for October 16, 2026.

3. **Reasons that good cause exists for the extension/stay:** The Parties recognize that engaging in continued discovery; disclosure of rebuttal experts; preparation and filing of dispositive motions; and the collaboration, drafting, and planning for the submission of a joint pretrial order are significant undertakings and investments of time and money. Accordingly, to allow the Parties to focus their efforts on potentially resolving the case before trial and the mediation scheduled for October 16, 2026, the Parties have agreed to and request that these deadlines be stayed and extended until November 16, 2026, which is 31 days after the mediation. This time will allow the Parties to engage in any potential follow-up negotiations if they are unable to reach a resolution at the mediation scheduled for October 16, 2026. If the case is not resolved at mediation or during follow-up negotiations, the Parties will file a stipulation to re-set the deadlines for rebuttal expert disclosures, close of discovery, dispositive motions, and the joint pretrial order. The deadline to file the stipulation will be November 16, 2026. This is the fourth request for extension of the rebuttal expert deadline and related deadlines, and the first request for a stay to allow the Parties to participate in mediation. The Parties respectfully submit that

**Reno City Attorney**
**P.O. Box 1900**
**Reno, NV 89505**

this request is supported by good cause to allow the Parties to focus their efforts on trying to resolve the case and attending mediation.

4. **Statement of discovery completed:** Since the Court entered the Scheduling Order (ECF No. 31), the Parties have diligently participated in the discovery process and have completed a vehicle inspection and disclosure of the extensive experts described above.

a) The Parties have served supplemental Rule 26 disclosures. To date, the Parties have identified over 120 individuals with knowledge, Plaintiff has disclosed over 6,100 pages of documents and video, Storey Defendants have disclosed over 800 pages of documents and video, and Reno Defendants have disclosed over 3900 pages of documents and video. The Parties have disclosed nine retained experts, and many more non-retained experts.

b) To date, six depositions of law enforcement officers with knowledge of the incident described in the Complaint (ECF No. 1) have been completed.

c) The Parties received trajectory analysis documents, which were subpoenaed after the Parties' first request for an extension.

d) The Parties have served and responded to written discovery requests.

5. The Parties have exchanged discovery and have been able to resolve their discovery concerns including extensions on responses to written discovery. The Parties anticipate they will be able to resolve any remaining discovery concerns without seeking intervention from the Court.

6. **Statement of remaining discovery and reasons for extension and why the deadline was not satisfied or the remaining discovery was not completed within the time limits set by the discovery plan:** The Parties are evaluating what rebuttal expert disclosures are necessary. The Parties anticipate conducting additional depositions, including the depositions of the Parties' numerous experts, and potentially criminologists who completed a trajectory analysis, additional law enforcement officer witnesses, and treating providers. The Parties also anticipate completing the deposition of Plaintiff before the mediation on October 16, 2026. The Parties may also need to depose a couple of additional fact witnesses, which takes time to

Reno City Attorney
P.O. Box 1900
Reno, NV 89505

coordinate through their home agencies. The Parties have disclosed over 10,000 documents. Given the sheer number of potential number of witnesses and documents, the Parties submit that good cause exists for the requested extension to allow them to complete the necessary depositions and to complete the analysis of rebuttal expert issues. Discovery has not been completed within the most recently set deadlines because the Parties have scheduled a mediation for October 16, 2026 and they wish to defer the remaining time-intensive and expensive discovery until after mediation so they can focus their efforts on trying to resolve the case.

7. This request is not intended for delay and is made in good faith. The Parties submit that good cause exists for the requested extension to allow them to participate in a

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

Reno City Attorney
P.O. Box 1900
Reno, NV 89505

mediation.

Respectfully submitted,

DATED this 12th day of August, 2026.

By: *_/s/ Kenneth E. Lyon, III_*
KENNETH E. LYON, III
Law Offices of Kenneth E. Lyon, III
333 Flint Street
Reno, Nevada 89501
*Attorneys for Plaintiff*

DATED this 12th day of August, 2026.

By: *_/s/ Katherine F. Parks_*
Katherine F. Parks
Thorndal Armstrong, PC
6590 S. McCarran Blvd., Suite B
Reno, Nevada 89509
*Attorneys for Storey Defendants*

DATED this 12th day of August, 2026.

KARL S. HALL
Reno City Attorney

By: *_/s/ Holly S. Parker_*
HOLLY S. PARKER
Deputy City Attorney
PETER K. KEEGAN
Deputy City Attorney
Post Office Box 1900
Reno, Nevada 89505
*Attorneys for Defendants City of Reno and Terry West*

IT IS SO ORDERED.

Dated this 13th day of August, 2026.

UNITED STATES MAGISTRATE JUDGE

Reno City Attorney
P.O. Box 1900
Reno, NV 89505